[No. 20543.   Department One.   July 8, 1927.]

MARY DEDRICK, *Appellant,* v. STEPHEN DEDRICK, *Respondent.*[1]

[1] DIVORCE (16)—JURISDICTION OF ACTION—DOMICILE OF PARTIES. Under Rem. Comp. Stat., § 984, requiring a *bona fide* residence of one year in this state prior to action, a divorce is properly denied where it appears that part of plaintiff's one-year residence in this state was in violation of the immigration laws of the state; and that, on coming into this state, plaintiff stated she was coming to establish a residence in order to get a divorce.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered September 21, 1926, upon findings in favor of the defendant, in an action for divorce. Affirmed.

*Roche & Ayers,* for appellant.

*Neil C. Bardsley,* for respondent.

MITCHELL, J.—This is an action for divorce instituted by Mary Dedrick against her husband, in the superior court of Spokane county. A divorce was denied, and the plaintiff has appealed.

It appears from the testimony that the appellant was born in Australia, and in the year 1911 was married to the defendant in British Columbia, her husband being at that time a native or naturalized Canadian. They made their home in British Columbia thereafter. The appellant visited Spokane on one or two occasions and, about one year before the commencement of this action, claims to have made that her residence.

[1] At the trial of the case, upon the evidence introduced, the court filed a memorandum opinion, upon which findings and judgment were entered to the effect that, much of the year the appellant claimed to

[1]Reported in 257 Pac. 837.

have resided in this state, she was here in positive
disregard and violation of the immigration laws of
this state, without which time there was no twelve
months' residence in this state; and further, that on
coming to Spokane county, she declared "she was
coming here to establish a residence in order to obtain
a divorce." An examination of the testimony satisfies
us that it supports such finding. Under such facts we
think the denial of the divorce was proper. Section
984, Rem. Comp. Stat., provides that any person who
has been a resident of the state for one year may file
his or her complaint for a divorce or decree of nullity
of marriage in the superior court of the county where
he or she may reside. This statute requires, of course,
a *bona fide* residence, one that is made voluntarily and
in good faith. Such is not the case here, and the judg-
ment appealed from is affirmed.

MACKINTOSH, C. J., FULLERTON, MAIN, and FRENCH,
JJ., concur.